IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER SMITH, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE P. MAHALLY, et al., | : | No. 17-05809 |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this 26th day of September, 2018, upon consideration of the Petition for Writ of *Habeas Corpus* filed by Petitioner Christopher Smith (Doc. No. 1), the Response to the Petition (Doc. No. 8), U.S. Magistrate Judge Elizabeth T. Hey's Report & Recommendation (Doc. No. 10), and Mr. Smith's Objections thereto (Doc. No. 12), it is **ORDERED** that:

1. The R&R (Doc. 10) is **APPROVED** and **ADOPTED**.[1]

---

[1] The R&R adequately addresses that Mr. Smith (1) did not timely file his Petition, (2) was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling, and (3) did not establish his factual innocence, as would be required to overcome § 2244's limitations period on the basis of an actual innocence claim. Further, the R&R properly determined that Mr. Smith has not adequately established the existence of a "fraud on the court," even if such a fraud on the court could toll the limitations period.

Moreover, assuming that Mr. Smith *could* establish fraud on the court, Mr. Smith is incorrect that fraud on the court may be raised "at any time and . . . can[]not be dismissed without an inquiry." Objections at 10 (Doc. No. 12). Mr. Smith's fraud on the court claim, to the extent that it is a "means of challenging his conviction," is subject to AEDPA's limitations on collateral relief. *See Russell v. Martinez*, 325 F. Appx 45, 47 (3d Cir. 2009) (stating that AEDPA's limitations on relief apply to fraud on the court claim); *see also Brewington v. Klopotoski*, No. CIV. A. 09-3133, 2012 WL 3764929, at *3 (E.D. Pa. Aug. 30, 2012) ("[T]he only means to challenge [a] state criminal conviction [i]s by a writ of habeas corpus. The court was correct when it determined the Rule 60(b)(3) motion, alleging fraud on the court in [a] state criminal conviction, was a habeas petition subject to the restrictions of [AEDPA.]").

Indeed, assuming Mr. Smith's fraud claim is, as he argues, an "independent" basis for habeas relief, Objections at 10 (Doc. No. 12), Mr. Smith was required to raise the claim within a year of its discovery. *See* 28 U.S.C. § 2244(d)(1)(D). Therefore, to the extent Mr. Smith argues his fraud on the court claim provides another basis to collaterally attack his conviction, Mr. Smith has procedurally defaulted on that claim as well.

First, Mr. Smith's fraud on the court claim was not raised within one year of its discovery. Mr. Smith discovered the facts underlying the fraud on the court claim during conversations with Steven Guilford, whom Mr. Smith first met on April 18, 2015. As the R&R

2. The Petition for Writ of *Habeas Corpus* (Doc. No. 1) is **DENIED**.

3. There is no probable cause to issue a certificate of appealability.[2]

4. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

explains, on April 21, 2015 Mr. Guilford signed an affidavit relaying those facts, making April 21, 2015 the latest day on which the one-year limitations period could have begun to run. Mr. Smith, however, did not file his federal habeas petition until December 27, 2017, more than a year and a half later and more than six months after the expiration of §2244(d)'s one-year limitations period for Mr. Smith's fraud on the court claim. And although Mr. Smith had filed a state court PCRA petition on May 1, 2015, because the state court denied that petition as untimely, the state PCRA petition's pendency did not toll the limitations period for Mr. Smith to file his federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [tolling].").

Second, Mr. Smith is not entitled to equitable tolling of his fraud on the court claim, because he did not "diligently" pursue the claim. *See id.* at 418 ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). As noted above, Mr. Smith filed a state court PCRA petition based, in part, on Mr. Guilford's affidavit shortly after the affidavit was signed. But Mr. Smith failed to diligently pursue federal habeas relief after the state court proceedings became final. On January 30, 2017, the Pennsylvania Superior Court affirmed denial of Mr. Smith's PCRA petition. Mr. Smith did not file the instant petition for habeas relief until December 27, 2017, more than eleven months after the end of the state court PCRA proceedings. This delay demonstrates a lack of diligence that "precludes equity's operation." *Id.* (petitioner was not diligent where he "sat on [his claims] for five more months after his PCRA proceedings became final before deciding to seek relief in federal court"); *see also Hayden v. Brooks*, No. CIV.A. 07-1886, 2007 WL 2571508, at *4 (E.D. Pa. Aug. 31, 2007) (citing *Pace*, 544 U.S. at 418) (petitioner was not diligent where "he inexplicably waited nearly a year after the Supreme Court of Pennsylvania denied allowance of appeal in connection with his first (untimely) PCRA petition to file his federal habeas petition"). For all of these reasons, the R&R is adopted and the petition is denied.

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with U.S. Magistrate Judge Hey that there is no probable cause to issue such a certificate in this action.